## No. 20,405.

R. R. HADDOCK, ET AL., *v.* ROBERT L. BLACKWELL, ET AL.

(387 P. [2d] 731)

Decided December 16, 1963.     Rehearing denied January 6, 1964.

1

Mr. D. E. Johnson, for plaintiffs in error.

Mr. Carmel A. Garlutzo, for defendants in error.

*In Department.*

Opinion by Mr. Justice Moore.

Defendants in error were plaintiffs in the trial court and we will refer to them as Blackwells. Plaintiffs in error were defendants in the trial court and will be referred to by name.

It was alleged in the complaint that the lands therein described were owned by Blackwells; that Haddock and Trout had unlawfully enclosed the land by a four-strand barbed wire fence and had caused cattle to be placed on said land; all without any right, title or interest therein. The prayer of the complaint sought injunctive relief.

Haddock and Trout filed an answer in which they denied all the allegations of the complaint. They set forth three counterclaims in which it was alleged that they "obtained an United States Patent to said real estate in the year 1920; Went into full possession thereof, immediately, and has (sic) at all times since been in the lawful possession of said premises." They further alleged that one Freda F. Shore, through whom Blackwells derived title to said real estate, had no right, title or interest in said property which could be conveyed; that the deed which she executed is a cloud upon their title and that the court should quiet title in them. For a second counterclaim they sought damages in the amount of $7,000.00 sustained as a result of various trespasses al-

legedly committed by Blackwells (and their predecessors in interest) in and upon the real estate in dispute. As a result of this tortious conduct which, as alleged, was "attended by said circumstances of fraud, malice and insult, and wanton and reckless disregard" of their rights and feelings, Haddock and Trout ask $2,000.00 as exemplary damages.

Trial was had to the court at the conclusion of which Findings of Fact, Conclusions of Law, and Judgment were entered which in pertinent part were as follows:

"That in 1919, the defendant, Haddock, was the owner of the lands herein involved, and he thereupon made, executed, and delivered a note secured by a deed of trust on the lands which are the subject of this action. The payments due became delinquent, and the deed of trust was duly and regularly foreclosed according to law and the terms, provisions, and conditions in the deed of trust. A public trustee's deed was issued to plaintiffs' predecessors in interest, and duly recorded in the county recorder's office. The plaintiffs, by mesne conveyance are now the owners of said lands, and they and their predecessors in interest have been continuously in possession and have paid the taxes on the lands for more than thirty years last past.

"The defendants or either of them have no right, title, or interest in said lands and have no right to the use or possession thereof."

Judgment was entered in favor of Blackwells on all issues involved in the controversy.

Haddock attempts to question the validity of the trustee's deed issued in connection with foreclosure proceedings of the deed of trust signed by him in the year 1919, at which time he owned the property in dispute. The "evidence," if such it can be called, which was presented to support this contention was palpably insufficient to justify a judgment that the trustee's deed was void. The evidence on every issue involved in the case was overwhelmingly weighted on the side of Blackwells.

The findings and judgment of the trial court are abundantly supported by that evidence, and they will not be disturbed on review.

There is no merit to the contention of counsel for Haddock that the court erred in denying his motion for a jury trial or that the judge should have disqualified himself to try the action.

The judgment is affirmed.

MR. CHIEF JUSTICE FRANTZ and MR. JUSTICE MCWILLIAMS concur.